**Stefan SLIVKA, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 04–73655.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2008.\*\*

Filed Feb. 19, 2008.

---

\* Michael B. Mukasey is substituted as the current Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Judith L. Wood, Esq., Law Offices of Judith L. Wood, Human Rights Project, Los Angeles, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gregory G. Brooker, Office of the U.S. Attorney, Minneapolis, MN, for Respondent.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Stefan Slivka, a citizen and native of the Slovak Republic, petitions for review of the BIA's order affirming and adopting the IJ's decision denying Slivka's application for asylum, withholding of removal, and

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

relief under the Convention Against Torture (CAT). We deny the petition.

Although a victim of extortion may, under certain circumstances, qualify for asylum, he must "establish the requisite nexus between his political opposition to government corruption and the retaliatory persecution that he suffered." *Fedunyak v. Gonzales*, 477 F.3d 1126, 1129 (9th Cir. 2007). In Slivka's case, this nexus is absent. Substantial evidence supports the IJ's conclusion that the extortionists who attacked Slivka were motivated by purely economic or personal interests. First, the evidence does not establish that Slivka necessarily complained of police corruption. He told the IJ that his complaint to the court was that "certain people are blackmailing me, and then I went to police, and police did not do anything with it." Slivka's complaint to the court, which he withdrew before it could be acted upon in any event, was about police inaction, not corruption.

Second, even if the evidence was interpreted to find that Slivka blew the whistle against corrupt government officials, it does not demonstrate that Slivka's actions "were directed toward a governing institution, [and not] only against individuals whose corruption was aberrational." *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000). Slivka's complaint was against, at most, a handful of unresponsive police officers. In addition, the State Department's country report for the Slovak Republic fails to offer any support for Slivka's allegations of widespread government corruption or an inability or unwillingness to control criminal activity.

Third, Slivka failed to show "official retaliation." *Id.* The record contains

nothing other than Slivka's speculation regarding a relationship between the extortionists and the police to demonstrate that government officials were in any way responsible for the threats that followed Slivka's filing of a complaint with the court. No evidence indicates that the threats were not from the original criminal extortionists, or that those individuals were motivated by anything other than a desire to prevent an official investigation into their activities.

Finally, because Slivka withdrew his complaint before authorities had an opportunity to act, it is not clear that the Slovakian government would not, or could not, protect Slivka and end the extortion. Slivka has therefore failed to establish that no reasonable factfinder could conclude that he was threatened and beaten based purely on criminal and economic interests rather than on account of his political opinion. Accordingly, we agree with the BIA that he is not entitled to asylum or withholding of removal.

The absence of any evidence in the record that the harm Slivka suffered was "by or at the instigation of or with the consent or acquiescence of" a government official is similarly fatal to Slivka's request for relief under the CAT. 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**

